UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOSE QUINTANA,

    Petitioner,

v.

ADMINISTRATOR, et al.,

    Respondents.

Civ. No. 13-7135 (KM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

Petitioner, Jose Quintana, is a state prisoner currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On February 26, 2014, this Court entered an order administratively terminating this case because Mr. Quintana had neither tendered the $5.00 filing fee nor filed a proper application to proceed *in forma pauperis* (IFP). Mr. Quintana had submitted his prisoner account statement, but had failed to file an affidavit setting forth that he was unable to pay the filing fee. The IFP application was therefore incomplete. *See* L.Civ.R. 81.2(b) ("Whenever a Federal, State, or local prisoner submits a . . . petition for writ of *habeas corpus* . . . *the prisoner shall also submit an affidavit* setting forth information which establishes that the prisoner is unable to pay the fees and costs of the proceedings and shall further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.") (emphasis added). Mr. Quintana was given

1

thirty days in which to correct this deficiency and the Clerk was ordered to supply Mr. Quintana with a blank form IFP application. The order provided that, in the alternative, he could simply pay the $5.00 filing fee.[1]

Eleven months later, on January 26, 2015, the Court received Mr. Quintana's handwritten notice of appeal (ECF 5) from my February 26, 2014 order. The notice of appeal is dated December 1, 2014. It is accompanied by a motion to deem the notice of appeal to have been filed on time. (ECF 4) The motion, like the notice of appeal, was received on January 26, 2015, but dated December 1, 2014. The Clerk will be ordered to reopen this case for the sole purpose of deciding Mr. Quintana's motion to deem his notice of appeal to have been filed on time.

## DISCUSSION

### A.    Untimeliness of the Notice of Appeal

My February 26, 2014 Order was not a dismissal, but an administrative termination that contemplated reinstatement of the case upon submission of the filing fee or a proper IFP application. For purposes of this decision, however, I will assume *arguendo* that it was a final and appealable order. *See generally* 28 U.S.C. § 1291.

Mr. Quintana had 30 days from entry of the order to file a notice of appeal. *See* FED. R. APP. P. 4(a)(1)(A). He filed the notice of appeal on January 26, 2015, about 10 months too late.[2]

---

[1]    Mr. Quintana has not submitted a complete *in forma pauperis* application or tendered the filing fee, timely or otherwise.

[2]    Or possibly only 8 months late. The notice of appeal and motion were contained in an envelope postmarked January 23, 2014, and received by the clerk on January 26, 2014. Mr. Quintana signed them, however, as of December 1, 2014. That is logically the earliest possible date that they could have been placed in the hands of prison officials for mailing. Even under the most liberal interpretation of the prisoner mailbox rule, however, the filing would not be timely, for the reasons set forth below. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Henderson v. Frank*, 155 F.3d 159, 163-64 (3d Cir 1998) (using date prisoner signed petition as date he handed it to prison officials for mailing); *Maples v. Warren*, No. 12-0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Mr. Quintana states in his papers that he

2

Mr. Quintana's motion to treat his appeal as timely cites Third Circuit Local Appellate Rule 107.2. That rule, however, governs dismissals of pending appeals for failure to prosecute. At issue here is whether a timely notice of appeal has invoked the Court of Appeals' jurisdiction at all. As to that issue, I consider two potentially applicable rules.

Federal Rule of Appellate Procedure 4(a)(5)(A) permits a district court to extend the time to file a notice of appeal if: "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Neither requirement is met here.

Mr. Quintana did not file this motion until many months after the expiration of the "time prescribed by ... Rule 4(a)" (*i.e.*, the 30 day deadline to appeal). Alternatively, Mr. Quintana has made no showing of excusable neglect or good cause for the late filing of his notice of appeal. He has explained why he did not, within 30 days of the order (or ever), file his IFP affidavit: first, he had an uncooperative notary, and then he was in administrative segregation. Brought to the court's attention, those circumstances might have justified an extension of the deadline in the order. But that excuse has nothing to do with extending the time to *appeal* from the order. To do that, no notary was required—only the filing of a simple notice of appeal. *See* FED. R. APP. P. 3(c).

Mr. Quintana also states that he purposely "skipped an appeals process in favor of a 2d-successive motion." (ECF 4-1 at 2) This motion, he says, was filed on August 11, 2014, and assigned Docket No. 14-3549. What he means is that he sought leave from the U.S. Court of Appeals for the Third Circuit to file a second or successive petition. That motion to file a second

---

mailed the papers to his mother, so that she could mail them to the court. (ECF 5 at 2). That may account for the delay in mailing.

petition was "denied as unnecessary," because Mr. Quintana has not yet successfully filed a first petition (3d Cir. docket no. 14-3549, document no. 003111841022). These facts do not help Mr. Quintana on this motion. Rather, they tend to establish that he purposely (and not through excusable neglect) "skipped" filing a notice of appeal, at a time when he had the demonstrated ability to make court filings.

Alternatively, Mr. Quintana's motion might be interpreted as one to reopen the period for filing an appeal under Federal Rule of Appellate Procedure 4(a)(6). That Rule "provides a mechanism for granting an extension of time when a party would be unfairly deprived of an appeal because of the failure of a court clerk." *Abulkhair v. Liberty Mut. Ins. Co.*, 499 F. App'x 129, 130 (3d Cir. 2012) (per curiam) (quoting *Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 90 (3d Cir. 1995)). It states as follows:

> Reopening the Time to File an Appeal. The district court may reopen the time the time to file an appeal for a period of 14 days after the date when its order to reopen is entered; but only if all the following conditions are satisfied:
>
> > (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
> > (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> > (C) the court finds that no party would be prejudiced.

FED. R. APP. P. 4(a)(6).

To obtain a reopening of the appeal period, then, a party must (1) establish that he did not receive timely notice of the order appealed from; and (2) file a Rule 4(a)(6) motion within *the*

4

*earlier of* 180 days after the order *or* 14 days after (untimely) receipt of notice of the order. Mr. Quintana has not established, or even alleged, either one.

The Rule sets a 180 day outside limit for an extension motion. *See* FED. R. APP. P. 4(a)(6) (extension motion must be filed by "the earlier of" 180 days from the order, or 14 days from receipt of notice). Mr. Quintana's motion was filed long after 180 days had elapsed since entry of the February 26, 2014 Order. That alone is sufficient to render his motion untimely. In any event, however, Mr. Quintana does not allege that he received late notice of the order, which would have triggered the alternative, 14-day deadline under the Rule. Accordingly, this Court cannot reopen Mr. Quintana's time to file an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(6).

**B.     Continued Failure to Tender Filing Fee or Submit IFP application**

Meanwhile, Mr. Quintana, despite specific instructions from this Court, still has not either tendered the $5.00 filing fee or submitted a complete *in forma pauperis* (IFP) application. The United States Court of Appeals has now given him the same advice I gave: "to return to the District Court with a complete in forma pauperis motion if his intent is to proceed with that habeas action." (3d Cir. docket no. 14-3549, document no. 003111841022).

**NOTICE**

**If Mr. Quintana wishes to proceed with this habeas petition, he must tender the $5.00 filing fee or else submit a complete and updated application for IFP status. That application should be submitted on the standard form. It must include the following:**

1. **An Affidavit of Mr. Quintana establishing that he is unable to pay fees and costs;**

2. **A certification signed by an authorized officer of the prison certifying the amount presently on deposit in the prisoner's prison account and the greatest**

amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.

**Because the prison certification submitted in February 2014 is out of date, Mr. Quintana must obtain an updated one.**

I express no view on the merits of such habeas petition, or on whether filing will be considered timely within the AEDPA one-year statute of limitations. Unless and until Mr. Quintana pays the filing fee or is granted IFP status, I cannot take any action on this habeas petition.

## CONCLUSION

For the foregoing reasons, Mr. Quintana's motion for leave to deem the appeal filed on time will be denied. An appropriate order will be entered.

Dated: February 5, 2015

_____
KEVIN MCNULTY
United States District Judge