**Not for publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JOSE QUINTANA, | : |
| Petitioner, | : Civil Action No. 13-7135 (JMV) |
| v. | : **OPINION** |
| ADMINISTRATOR, et al., | : |
| Respondents. | : |

**JOHN MICHAEL VAZQUEZ, United States District Judge**

**I. INTRODUCTION**

On or about November 22, 2013, Petitioner Jose Quintana ("Quintana") initiated this habeas corpus action ("the Habeas Case") by filing a petition ("Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On September 29, 2017, the Court denied the Petition and denied a certificate of appealability ("Habeas Ruling"). (*See* ECF Nos. 30 and 31.) To date, Petitioner has not appealed the Court's denial of his Petition, nor has he filed a motion expressly seeking reconsideration of that denial. Instead, on or about January 23, 2018, Petitioner submitted a letter to this Court, sharply criticizing the denial of his Petition. (ECF No. 32 ("[Y]our assessment & decision of the case is crazy to say the least … How is it legal for you to lie in the name of being a turncoat … And as for your brief [sic (opinion)], I used it as toilet tissue").) Then on August 28, 2018,[1] Petitioner filed a Motion for Permission to File a Notice of Appeal Out of Time ("the Motion"). (ECF No. 33.) The Clerk will be ordered to re-open this case for the sole purpose of deciding Petitioner's Motion.

---

[1] Although Petitioner's Motion was received by the Court on September 4, 2018, he dated it August 28, 2018. (*See* ECF No. 33 at 1 and 3; ECF No. 33-1 at 1.) Under the federal prisoner mailbox rule, "a document is deemed filed on the date it is given to prison officials for mailing." *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011). The Court, affording Petitioner all favorable inferences, will use August 28, 2018 as the date he filed his Motion, for purposes of this Opinion.

Petitioner's Motion is governed by Rule 4 of the Federal Rules of Appellate Procedure (the "Appellate Rules"). Under Appellate Rule 4(a)(1)(A), Petitioner's "notice of appeal [challenging the denial of his habeas Petition] . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." *See* Fed. R. App. P. 4(a)(1)(A). When the notice of appeal is filed by a *pro se* prisoner, such as the case here, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. Civ. P. 4(c).

Here, the Court's final order denying the Petition was entered on September 29, 2017. Therefore, Petitioner had until Monday, October 30, 2017[2] ("Appellate Notice Deadline") to timely initiate appeal proceedings by filing a notice of appeal. (*Id.*) Petitioner did not do so. Instead, he filed the instant Motion on August 28, 2018.

Petitioner's Motion does not indicate the particular Appellate Rule under which he seeks relief. His Motion could alternatively be considered: (a) a request under Appellate Rule 4(a)(5) for an extension of time to appeal the denial of the Petition; or (b) a request under Appellate Rule 4(a)(6) to re-open the period for filing an appeal. Or, it might be considered a motion for reconsideration. This Court will address all three possible constructions of the Motion, in turn.

---

[2] Given that the thirtieth day from September 29, 2017 was Sunday, October 29, 2017, Petitioner's notice of appeal would have been timely filed under Appellate Rule 4(a)(1)(A) if filed on or before Monday, October 30, 2017. *See* Fed. R. Civ. P. 6(a)(3)(A).

## II. **DISCUSSION**[3]

### A. Construing Plaintiff's Motion As One To Extend The Time To File A Notice Of Appeal Under Fed. R. App. P. 4(a)(5).

Appellate Rule 4(a)(5) enables this Court to extend the thirty-day filing deadline set forth in Appellate Rule 4(a)(1)(A). Rule 4(a)(5) provides, in pertinent part, that:

> (A) The district court may extend the time to file a notice of appeal if:
>
> > (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> >
> > (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
> . . . .
>
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

*Petitioner's Motion To File Notice Of Appeal Was Untimely Under Appellate Rule 4(a)(5)(A)(i).* Here, if construed as a request for an extension of time to file an appeal, the Motion is untimely because it was filed on August 28, 2018. That filing date was more than thirty days after Petitioner's period to timely file his Appellate Rule 4(a)(1)(A) notice of appeal expired on October 30, 2017. *See* Fed. R. App. P. 4(a)(5)(A)(i). Given that Petitioner did not satisfy the first prong of Appellate Rule 4(a)(5)(A), this Court may not extend his thirty-day filing deadline. Nevertheless, the

---

[3] Aside from the Motion's untimeliness discussed *infra*, Petitioner would also have had to sign it in order to proceed with its claims. *See Gary v. Albino*, No. 1008866, 2010 WL 2546037, at *4 (D.N.J. June 21, 2010) ("Rule 11(a) of the Federal Rules of Civil Procedure requires each pro se plaintiff to sign every pleading, written motion, or other paper submitted to the Court with respect to his claims"). Petitioner here has *not* signed the Motion. (*See* ECF No. 33 at 1 and 3; ECF No. 33-1 at 1.) Nevertheless, in light of Petitioner's *pro se* status and the fact that the Motion ultimately must be denied, this Court shall proceed to review it under the Appellate Rules as if Plaintiff signed it.

Court notes that Petitioner has also failed to satisfy Appellate Rule 4(a)(5)(A)'s second prong, as explained below.

*Petitioner Has Not Demonstrated Excusable Neglect Under Appellate Rule 4(a)(5)(A)(ii).* In support of his request to receive over ten additional months to file his notice of appeal, Petitioner states only that he has "very little knowledge of the law" and needs "assistance from the Inmates Legal Association, Inc. (ILA)." (*See* ECF No. 33 at 2.) Petitioner claims that "[d]ue to the problems of the legal access program here in New Jersey State Prison[,]" his "Request for Legal Assistance slips w[ere] not being turned in" during "June 2016." (*Id.*)

The Court recognizes that "[p]rison conditions, such as lack of library access, may constitute 'good cause' in the context of Appellate Rule 4(a)." *See Vega v. Miller*, No. 11-7224, 2013 WL 867156, at *2 (E.D. Pa. 2013) (internal citations omitted). However, Petitioner here does not allege lack of access to the prison law library or to legal assistance during the weeks or months prior to the October 30, 2017 Appellate Notice Deadline. Nor does he offer any explanation why he could not have filed a timely notice of appeal before or after the week the ILA was accessible. Instead, Petitioner suggests that his purported lack of access to paralegals related to "the order … entered … [o]n May 25, 2016" by this Court. (ECF 33 at 3.) Petitioner's contention is peculiar in at least two respects. First, there is no opinion or order dated May 25, 2016 on the docket of the Habeas Case. In any event, May 25, 2016 obviously predates the September 29, 2017 Habeas Ruling from which Petitioner now seeks leave to appeal. Thus, Petitioner's reference to a purported May 25, 2016 court decision does not help him under Appellate Rule 4(a)(5)(A)(ii). Second, Petitioner refers to an October 6, 2015 letter to him from the Clerk of the Third Circuit Court of Appeals, indicating lack of appellate jurisdiction ("Third Circuit Letter"). (*Id.*) This Court notes that Petitioner has previously endeavored unsuccessfully to appeal from this Court for reasons having nothing to do with the Habeas Ruling. *See* ECF Nos. 4 and 5 (January 26, 2015 Notice of Motion for Leave to File As Within Time

4

an appeal of this Court's February 25, 2014 administrative termination of the Habeas Case, for failure to pay the requisite filing fee or complete an *in forma pauperis* application)); ECF No. 6 (February 5, 2015 Order denying Petitioner's motion for leave to deem appeal filed on time). Petitioner's instant Motion does not indicate the order of this Court to which the Third Circuit Letter may have related. However, the docket of the Habeas Case suggests it related to the February 25, 2014 administrative termination. Thus, the Third Circuit letter does not assist Petitioner in demonstrating excusable neglect with respect to the Habeas Ruling.

Setting aside these issues in Petitioner's instant application, this Court notes that the Third Circuit has held that excusable neglect under Rule 4(a) is to be reviewed using the test outlined in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L'td. P'ship.,* 507 U.S. 380 (1993). *See In re Diet Drugs Products Liab. Litig.,* 401 F.3d 143, 153 (3d Cir. 2005). The *Pioneer* Court set forth the following factors for consideration in "excusable neglect" determinations: (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for delay (including whether it was within reasonable control of movant); and (4) whether movant acted in good faith. *Pioneer*, 507 U.S. at 399-400. *See also Consol. Freightways Corp. v. Larson*, 827 F.2d 916, 919, 921 (3d Cir. 1987), *cert. denied sub nom. Consol. Freightways Corp. v. Sec'y of Transp. of Pa.*, 484 U.S. 1032 (1988) (formulating a two-part test for excusable neglect determinations: a movant must meet the threshold requirement of demonstrating a "substantial good faith effort to comply" with appellate procedure; and, if such a showing is made, courts proceed to an evaluation of the facts).

Here, appeal at this point might very well work considerable prejudice upon Respondents, as Petitioner has waited nearly ten months after the Appellate Notice Deadline to file the Motion. Moreover, the Petitioner does not establish that he made a "substantial good faith effort to comply" with appellate procedure. This Court has previously "reject[ed] the notion that legal services are needed to file a notice of appeal, and that lack of access would justify the unacknowledged passage

5

of such a deadline." *Avery v. Hendricks*, No. 04-1481, 2006 WL 2627945, at *3 (D.N.J. Sept. 13, 2006) ("Certainly, a notice of appeal is of no great legal moment. And as Petitioner is *pro se,* a simple letter stating intent to appeal would have most probably sufficed").

Although Petitioner presents an array of happenstances that he asserts delayed his appellate efforts (*see* ECF No. 33 at 2-3), there were also significant amounts of time during the relevant period before the Appellate Notice Deadline where, presumably, the ILA and prison paralegals were accessible to him. For example, this Court denied the § 2254 Petition on September 29, 2017. From that time until October 30, 2017, Petitioner identifies no event that prevented his access to the ILA, the New Jersey State Prison's law library, or paralegals. Likewise, Petitioner's inaction demonstrates an absence of good faith. Petitioner has not demonstrated any attempts to meet the Appellate Notice Deadline, such as "communicat[ion] [of] any desire to appeal, in any form." *Avery*, 2006 WL 2627945, at *3. Although there were allegedly some issues regarding access to legal assistance, "that alone does not justify any attempt by Petitioner to honor the notice of appeal deadline." *Avery*, 2006 WL 2627945, at *3. Here, Petitioner's neglect is similar to -- and as inexcusable as -- the petitioner's in *Marcus v. Hendricks*, No. 04-4862, 2006 WL 3335005, at *1 (D.N.J. Nov. 16, 2006). In *Marcus*, this Court found as follows:

> Notably, Petitioner has provided absolutely no reason for waiting until eight days after he received the necessary paperwork and instructions from the prison paralegal to sign and presumably submit said notice of appeal and application to the Court. Furthermore, even assuming that the prison "lock down" did, in fact, prevent Petitioner from conducting any legal research as he alleges, Petitioner still has provided no reason for [his] eight-day delay in submitting the requisite application to file an out of time appeal ...
>
> [T]he Court is incapable of finding Petitioner's neglect in waiting eight days to file [his] application [to file untimely appeal] excusable, particularly where he has provided no explanation for the added delay.

*Marcus*, 2006 WL 3335005, at *3 (citing *Pedereaux v. Doe,* 767 F.2d 50, 51 (3d Cir. 1985) (holding that "'excusable neglect' must be shown up to the actual time the motion to extend is filed")). Like

6

the *Marcus* petitioner, Petitioner here has provided absolutely no justifiable explanation for waiting to seek appeal of the Habeas Ruling. His reference to a purported lack of legal aid does not relate to the relevant post-September 2017 time frame. Temporally speaking, compared to the timeline in *Marcus*, Petitioner's ten-month tardiness is a far more conspicuous demonstration of inexcusable neglect.

While the Court is sympathetic to Petitioner's legal research limitations while he remains confined at New Jersey State Prison, this consideration does not, in and of itself, provide a basis to extend Petitioner's deadline under Appellate Rule 4(a)(5)(A)(ii). *See Avery*, 2006 WL 2627945. Indeed, the first document that an appellant must file to initiate an appeal, *i.e.*, a notice of appeal, is a one-page document that requires the appellant to provide only the docket number and date of the decision being appealed. No additional legal research is needed to complete and file this document. In fact, early in Petitioner's case, when he tried in error to appeal this Court's February 26, 2014 administrative termination of his case, the Court explained to Petitioner the time window and procedure related to appeals. (*See* ECF No. 6 at 2-3.) As a result, Petitioner was expressly on notice of appellate procedure. Yet he chose not to comply with the required procedure.

Therefore, because Petitioner does not establish that he was prevented from mailing a notice of appeal, and because there were pertinent periods of time in which Petitioner could have accessed the ILA and/or the prison's law library and paralegals, this Court finds that Petitioner fails to demonstrate excusable neglect or any valid reason(s) for his delay in timely filing a notice of appeal.

*Petitioner Has Not Demonstrated Good Cause Under Appellate Rule 4(a)(5)(A)(ii).* With Petitioner's circumstances as described *supra*, good cause is lacking. Here, the onus to file a timely notice of appeal lies with Petitioner. He has not identified sufficient circumstance(s) that prevented him from filing the notice. "Although the circumstances surrounding the [ILA] and paralegal[s] were

not within Petitioner's control, they were not such as to prevent his timely notice of appeal." *See Avery*, 2006 WL 2627945, at *4. Petitioner therefore fails to demonstrate good cause.

### B. Construing Plaintiff's Motion As One To Re-Open The Period For Filing An Appeal Under Appellate Rule 4(a)(6)

Alternatively, Petitioner's Motion might be interpreted as one to re-open the period for filing an appeal under Fed. R. App. P. 4(a)(6). That Rule provides as follows:

> Reopening the Time to File an Appeal. The district court may reopen the time the time to file an appeal for a period of 14 days after the date when its order to reopen is entered; but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

To obtain a reopening of the appeal period under Appellate Rule 4(a)(6), a party must (a) establish that he did not receive timely notice of the order appealed from; and (b) file a Rule 4(a)(6) motion within the earlier of one hundred eighty days after the order or fourteen days after (untimely) receipt of notice of the order. Petitioner has not established, or even alleged, either requirement.

Appellate Rule 4(a)(6) sets a one hundred and eighty day outside limit for an extension motion. Fed. R. App. P. 4(a)(6). Here, that one hundred and eighty day period expired on March 28, 2018. Petitioner's Motion was filed on August 28, 2018 -- roughly five months after one hundred and eighty days had elapsed following the September 29, 2017 Habeas Ruling. That alone is sufficient to render Petitioner's Motion untimely under Appellate Rule 4(a)(6). In addition, Petitioner

8

does not allege that he received late notice of the Habeas Ruling, which would have triggered the alternative fourteen day deadline under Appellate Rule 4(a)(6).

Accordingly, this Court cannot re-open Petitioner's time to file an appeal pursuant to Appellate Rule 4(a)(6).

### C. Construing Plaintiff's Motion As A Motion for Reconsideration Of The Habeas Ruling Under Local Civil Rule 7.1(i)

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen days of the entry of an order. L. Civ. R. 7.1(i). When seeking reconsideration, a movant must demonstrate (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Relief under this rule is inappropriate when a party merely disagrees with a court's ruling or when a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Indeed, the Third Circuit has indicated that "Rule 7.1(i) motions are appropriate '*only* where dispositive factual matters or controlling decisions of law were presented to the court but not considered.'" *Tucker v. I'Jama*, 404 F. App'x 580, 581 n.1 (3d Cir. 2010) (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995) (emphasis added). Ultimately, reconsideration is an "extraordinary remedy" that is granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted).

If construed as a motion for reconsideration, Petitioner's Motion must be denied. As an initial matter, the Motion is untimely because Petitioner did not file the motion within fourteen days of the date the Habeas Ruling was entered, *i.e.*, September 29, 2017. This fact alone provides a basis for the Court to deny that motion. *See, e.g., Tucker*, 404 F. App'x at 581; *Testa v. Hoban*, No. 16-55, 2018 WL 1091290, at *2 (D.N.J. Feb. 28, 2018). In addition, the Motion fails to provide any substantive basis whatsoever for reconsideration relief. Plaintiff has presented absolutely no new arguments, facts, or case law, that were not available to this Court when it rendered its Habeas Ruling. (*See* ECF 33 at 1-3.) The fact that Petitioner obviously and vehemently disagrees with the Court's Habeas Ruling (*see* ECF No. 32) is not a proper basis for the Court to grant reconsideration of that decision. *See Sch. Specialty, Inc.*, 2015 WL 4602995 at *2-3.[4]

## III. CONCLUSION

For the foregoing reasons, Petitioner's Motion request must is denied. An appropriate Order accompanies this Opinion.

s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

---

[4] The Court notes that Petitioner filed a letter on or about January 23, 2018 challenging the Habeas Ruling. (ECF No. 32 ("Letter").) Beyond its sharp criticisms of the Court's September 29, 2017 decision, the Letter does not request any particular relief. (*Id.*) Even if this Court were to consider that submission as seeking reconsideration, the Letter fails to warrant relief under L. Civ. R. 7.1(i) for same reasons as Plaintiff's Motion: *i.e.*, the Letter is untimely; and it fails to demonstrate (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.